UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JASON M. WOOD,

              Plaintiff,              Case No. 1:12-cv-1342

v.                                           Honorable Robert Holmes Bell

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

              Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Heyns, Mayfield, Best, Smith, Rivard and Dorris for failure to state a claim. The Court

also will dismiss Plaintiff's § 1983 claim against Defendant Michigan Department of Corrections. The Court will serve the remainder of the complaint against Defendant Martin.

**Discussion**

      I.      <u>Factual allegations</u>

Plaintiff Jason M. Wood presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Maximum Correctional Facility (ICF). His complaint involves conduct that allegedly occurred both while he was housed at ICF and while he was housed at the St. Louis Correctional Facility (SLF). He sues the MDOC and the following MDOC employees: Director Daniel Heyns; MDOC Correctional Facilities Administration (CFA) Special Activities Coordinators Michael Martin and an unknown party; and an unknown CFA or Field Operations Administration (FOA) Deputy Director. He also sues the following SLF employees: Chaplain J. Dorris; Classification Director Julius Mayfield; Deputy Warden K. Best; Food Service Director S. Smith; and Warden Steve Rivard.

Plaintiff alleges that he filed a religious accommodation request with Defendant Chaplain Dorris on June 13, 2012. Plaintiff asked for three things: (1) to be placed on a halal diet; (2) to be accommodated during religious fasts; and to be allowed the possession and use of property necessary for the practice of Islam. Plaintiff alleges that the request was made in the form required by MDOC Policy Directive 05.03.150, and was directed to the unknown CFA Special Activities Coordinator, the Chaplaincy Advisory Committee, and all other MDOC employees who may be part of the decision on his request.

Defendant Dorris told Plaintiff that he had shown Defendant Best the religious request and Best had directed Dorris to forward it to the appropriate authorities. On June 27, 2012,

- 2 -

Plaintiff was informed, presumably by Defendant Dorris, that his request had been denied. Plaintiff filed a grievance on June 28, 2012, citing the denial of the diet and the religious personal property, and alleging a violation of the First and Fourteenth Amendments and the RLUIPA. Plaintiff's grievance was reviewed at Step I by Defendant Mayfield. Plaintiff gave Mayfield a copy of the religious accommodation request form. Mayfield told Plaintiff that the response to the request had not yet been issued. Mayfield therefore refused to evaluate the merits of Plaintiff's allegations. Defendant Best apparently then reviewed Mayfield's response to the grievance, but made no change.

On July 2, 2012, Plaintiff filed another grievance, objecting to the manner in which food service workers were handling trays, which resulted in his vegetarian-option trays being contaminated with pork and other ingredients to which Plaintiff had religious objections.[1] Defendant Smith reviewed the grievance and allegedly found that the complaint had some merit and that the handling of vegetarian trays would be changed. Plaintiff alleges, however, that no changes were made. According to Plaintiff, Defendant Rivard responded to both grievances at Step II, yet he apparently did not provide a satisfactory response.

Plaintiff was transferred from SLF to ICF on September 28, 2012, and he submitted another request for religious accommodations on October 13, 2012. When he had received no response to his request by November 5, 2012, he filed a grievance about the denial of a halal diet. He received no satisfactory response, and he apparently was required to initiate another request for the diet. On November 19, 2012, he filed another grievance about the lack of religious accommodations.

---

[1] Plaintiff alleges that, because he was not granted a halal diet, he was "forced" to eat the vegetarian option, in order to avoid most non-Halal food. (Am. Compl., docket #6, Page ID#44.) However, the vegetarian option did not fully comply with Plaintiff's religious dietary needs.

By the time Plaintiff filed his complaint, on December 6, 2012, neither Defendant Martin, the MDOC official responsible for recommending religious accommodation requests,[2] nor his supervisor, the unknown Deputy CFA or FOA designee,[3] had responded to Plaintiff's request, despite his continuing requests for six months.

Plaintiff seeks injunctive relief in the form of an order directing Defendants to provide a halal diet, bagged meals during fasts coinciding with Islamic dietary observances, and the ability to possess and use necessary religious property. Plaintiff also seeks damages in the amount of $5,000.00 from each Defendant.

II.  <u>Immunity</u>

A.  **Section 1983**

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that

---

[2] According to MICH. DEP'T OF CORR. Policy Directive 05.03.150 ¶ L, the CFA Special Activities Coordinator makes the recommendation to approve or deny a request for religious accommodation.

[3] According to MICH. DEP'T OF CORR. Policy Directive 05.03.150 ¶ M, the CFA Deputy Director makes the final decision to approve or deny a request for religious accommodation.

the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC.

### B. RLUIPA

Plaintiff seeks injunctive relief and damages from the MDOC for the alleged violations of the RLUIPA. Although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA. In *Sossamon v. Texas*, 131 S. Ct. 1651 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). As a consequence, the Michigan Department of Corrections is immune from Plaintiff's claim for monetary relief.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Insufficient Allegations of Active Conduct

Plaintiff fails even to mention Defendant MDOC Director Daniel Heyns in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff's complaint against Defendant Heyns falls far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent Plaintiff implies that Defendant Heyns or any other Defendant failed to adequately supervise his subordinates, he fails to state a claim. Government officials may

not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because Plaintiff suggests no more than that Defendants Heyns was responsible for the actions of his subordinates, he fails to state a claim against him.

Plaintiff also alleges that Defendants Best, Mayfield, Smith, and Rivard are liable under § 1983 because they failed to conduct an investigation or failed adequately to respond to his grievances. Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The failure to respond to Plaintiff's complaints does not constitute active conduct by these Defendants.

Finally, Plaintiff fails to allege that Defendants Dorris and Best engaged in any conduct that interfered with Plaintiff's rights. Plaintiff's only allegations against Defendant Dorris is that he forwarded Plaintiff's religious accommodation request to the central office and later informed Plaintiff of the determinations by Defendant CFA Activities Coordinator Martin, the unknown CFA Activities Coordinator, and/or the unknown CFA or FOA Deputy Director. Plaintiff

does not allege that Defendant Dorris interfered with his request for accommodation or had any authority to grant the relief Plaintiff requested after Defendant Martin denied the request. Similarly, beyond alleging that Defendant Best had supervisory liability for Dorris' conduct, Plaintiff alleges only that Defendant Best told Dorris to forward Plaintiff's request to the central administration. In these circumstances, Plaintiff fails to allege that either Dorris or Best engaged in any active, unconstitutional conduct. He therefore fails to state a claim against Defendants Dorris and Best.

In sum, Plaintiff has failed to allege that Defendants Heyns, Mayfield, Best, Smith, Rivard and Dorris engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Individual-Capacity Claims Under RLUIPA

RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005). It does so by limiting the burdens that a government may place on a prisoner's free exercise rights:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person —
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). RLUIPA also provides a cause of action against a government: "A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." *Id.* § 2000cc–2(a). RLUIPA defines "government," in

relevant part, as "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and (iii) any other person acting under color of State law." *Id*. § 2000cc–5(4)(A)(i)–(iii).

Plaintiff specifically brought his claims against all individual Defendants in both their official and individual capacities. As noted in *Heard v. Caruso*, 351 F. App'x 1, 13 n.5 (6th Cir. 2009), the Sixth Circuit has not ruled on whether the inclusion of "any other person acting under color of State law" in the definition of government authorizes suits for monetary damages against state officials in their individual capacities. However, every other appellate court that has addressed the issue has held that RLUIPA, as an exercise of Congress's Spending Clause power, does not authorize a claim for damages against state employees in their individual capacities. *See Stewart v. Beach*, 701 F.3d 1322, 1334-35 (10th Cir. 2012); *Sharpe v. Johnson*, 669 F.3d 144, 154–55 (3d Cir. 2012); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 327–28 & n. 23 (5th Cir. 2009); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1272–75 (11th Cir. 2007). On this basis, this Court routinely holds that RLUIPA does not provide a cause of action for damages against state actors in their individual capacities. *See, e.g.*, *Green v. Tudor*, 685 F. Supp.2d 678, 699 (W.D. Mich. 2010); *Crump v. Prelesnik*, No. 1:10-cv-353, 2013 WL 1337790, at *1 n.1 (W.D. Mich. Mar. 29, 2013); *Hall v. Martin*, No. 1:10-cv-1221, 2012 WL 1579334, at *6 (W.D. Mich. Mar. 29, 2012); accord *Haight v. Thompson*, No. 5:11-cv-118, 2013 WL 1092969, at *8 (W.D. Ky. Mar. 15, 2013); *Aladimi v. Hamilton Cnty. Justice Ctr.,* No. 1:09–cv–398, 2012 WL 292587, at *18 (S.D. Ohio Feb. 1, 2012). Plaintiff, therefore, cannot bring a RLUIPA claim against the remaining Defendants in their individual capacities.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Heyns, Mayfield, Best, Smith, Rivard, and Dorris will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. The Court will dismiss Plaintiff's § 1983 claim against the MDOC, as well as Plaintiff's RLUIPA claim for damages against the MDOC. In addition, the Court will dismiss Plaintiff's RLUIPA claim against against all Defendants in their individual capacities. The Court will serve the remainder of the complaint against the MDOC and Defendant Martin.[4]

An Order consistent with this Opinion will be entered.


Dated: June 6, 2013  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

---

[4]At this juncture, the Court lacks sufficient information to order service upon the unknown Defendant CFA Special Activities Director or the unknown CFA or FOA Deputy Director.