UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON WOOD, #376101,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

File No. 1:12-CV-1342

HON. ROBERT HOLMES BELL

# ORDER APPROVING AND ADOPTING
# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On February 24, 2014, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 15) be granted and that all Plaintiff's claims against Defendants be dismissed without prejudice. (Dkt. No. 35, R&R.) The R&R was resent to Plaintiff's updated address on March 5, 2014. Plaintiff Jason Wood timely filed objections to the R&R on March 17, 2014. (Dkt. No. 42.) Plaintiff has also filed a motion in opposition to defendant's motion for summary judgment, and a motion for immediate consideration. (Dkt. Nos. 36, 43.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

As a preliminary matter, the Court consider's Plaintiff's motion in opposition to Defendants' motion for summary judgment and motion for immediate consideration. (Dkt. Nos. 36, 43.) Defendants' motion for summary judgment was filed on July 10, 2013. (Dkt. No. 15.) Plaintiff, by his own admission, did not file his opposition to Defendants' motion for summary judgment until February 24, 2014, long after the time period for responding to the motion had expired.[1] Plaintiff contends that his untimely filing should be excused because he was waiting for a response to his objections to the Magistrate Judge's order denying his motion to compel discovery, and because his access to the courts was limited by his placement in temporary administrative segregation from January 7, 2014, until the present.

Plaintiff's belated request for an extension of time to respond to Defendants' motion for summary judgment will be denied. Plaintiff was on notice of the filing requirements, and he did not request an extension until the time had expired. Furthermore, for the reasons outlined below, even if the Court did consider Plaintiff's late brief in opposition to

---

[1] Plaintiff was on notice that his response was due 28 days after the close of the 45 day discovery period limited to the issue of exhaustion. (Dkt. No. 18, Case Mgmt. Order)

2

Defendants' motion for summary judgment, the Court finds no merit to Plaintiff's argument.

Plaintiff's objections to the R&R are based on his contention that the R&R erroneously concluded that he failed to exhaust administrative remedies. Plaintiff does not disagree with the Magistrate Judge's findings of fact, but he contends that pursuant to prison policy his grievances were properly exhausted when they were not rejected within 120 days after they were filed.

Plaintiff's interpretation of the prison grievance process is flawed. The applicable Policy Directive provides that "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days . . . ." P.D. 03.02.130 ¶ S. However, contrary to Plaintiff's assertions, this does not mean that he could exhaust his administrative remedies by simply resting on his Step I filing for 120 days if it is not responded to. The Policy Directive further provides that "[i]f a grievant chooses to pursue a grievance which has not been responded to by staff within the required time frames, . . . the grievant may forward the grievance to the next step of the grievance process within ten business days after the response deadline expired . . . ." *Id.* at ¶ T. "A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I or if s/he did not receive a timely response." *Id.* at ¶ BB. There is no evidence that Plaintiff forwarded his grievances from Step I to Step II when they were not responded to within the required time frames. Thus, the Magistrate Judge correctly determined that Plaintiff failed to exhaust his administrative remedies. Accordingly,

**IT IS HEREBY ORDERED** that the February 24, 2014, R&R (Dkt. No. 35) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion in opposition to Defendants' motion for summary judgment and motion for immediate consideration (Dkt. Nos. 36, 43) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 15) is **GRANTED** and that all Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Dated: March 26, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE